**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Relator,**

v.

**The Honorable Richard C. JENSEN, Judge of the Circuit Court of Jackson County, Division 13, at Independence, Missouri, Respondent.**

No. 49513.

Supreme Court of Missouri,

En Banc.

Dec. 11, 1962.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for relator.

James Daleo, Jack L. Simms, Kansas City, for respondent.

WESTHUES, Chief Justice.

The State of Missouri at the relation of the State Highway Commission instituted this proceeding in prohibition in this court to restrain the Honorable Richard C. Jensen, Circuit Judge of Jackson County, from enforcing a subpoena duces tecum directed to three persons in connection with a notice to take depositions. The position of relator

is that the material sought is privileged under Supreme Court Rule 57.01, V.A.M.R., for the reason that it is a work product prepared in anticipation of litigation.

Respondent says that the material sought to be obtained is not exempt as a work product and is such as may be produced under S.Ct. Rule 57.20.

The question grew out of a condemnation proceeding instituted by the State Highway Commission to acquire land for road purposes. The suit was filed on December 12, 1958, wherein the State Highway Commission was plaintiff and the defendants, among others, were Sarah Tenenbaum, Angelo A. Vitale, and Frances Vitale, as having an interest in property located at 3213 Truman Road, Jackson County, Missouri. Commissioners were appointed to assess damages. On February 27, 1959, the report of the commissioners was filed. The State Highway Commission and the Vitales filed exceptions to the award made by the commissioners. On February 15, 1962, defendant Angelo A. Vitale filed interrogatories to relator herein as to whether relator's agents, servants, or employees inspected or caused to be inspected the property of Vitale, the names of the persons inspecting the property, and the results of such inspections. In response to the interrogatories, relator's attorney supplied under oath the names of Walter F. Page and Vincent J. O'Flaherty, professional real estate appraisers, as having been employed to inspect and appraise the property; that Henry Schoenfeld, a dealer in restaurant equipment, was employed to inspect and appraise the fixtures on the property in question; further, that these parties were expected to be used as witnesses in the trial.

On April 3, 1962, notice was served on relator to take depositions of the three persons named supra. An order was issued by the respondent Judge, which is the subject matter of this prohibition proceeding, requiring the persons named above to produce "Any and all records of any kind or nature including but not necessarily limited to letters, memoranda or notes pertaining to appraisal, inspection and/or observation of property located at 3213 Truman Road."

In determining the question of whether the order of the respondent Judge calls for material which is privileged as a work product, we shall keep in mind that the three persons named in the order were employed by relator approximately ten months prior to the date the report of the commissioners was filed, and before the condemnation suit was brought. The question then is, do the provisions of Supreme Court Rule 57.01, to the effect that "The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial," apply to the situation before us? We are of the opinion that the rule applies.

■ The principal duties of the State Highway Commission are the construction and the maintenance of roadways, Sec. 227.030, V.A.M.S. Incident thereto is the power of condemning property for road purposes. Sec. 523.010, V.A.M.S., which is applicable to the relator State Highway Commission, authorizes the filing of condemnation proceedings only in such cases where the condemnor "and the owners cannot agree upon the proper compensation to be paid." Kansas City, St. Joseph & Council Bluffs R. R. Co. v. Campbell, Nelson & Co., 62 Mo. 585. That no agreement could be reached is a jurisdictional fact and must appear of record. Greene v. St. Louis County, Mo., 327 S.W.2d 291, 1. c. 299, 300 (12); State ex rel. State Highway Commission v. Williams, Mo.App., 69 S.W.2d 970, 1. c. 971 (1, 2).

■ Under the law, the relator State Highway Commission was not authorized

to file a condemnation suit to appropriate the property in question unless an agreement could not be reached as to the compensation to be paid the owners. Relator would not be in a position to bargain with the owners until it had, through its agents, made an investigation as to the value of the property. In such a situation, the condemnor, herein the State Highway Commission, was justified in anticipating that litigation might follow. In the circumstances, we rule that the work product in question is privileged as having been prepared by relator's agent in anticipation of litigation.

In the brief, respondent argues that since the "work product" involved was prepared ten months prior to the time exceptions to the report of the commissioners were filed, relator is not protected by S.Ct. Rule 57.01, supra. Note what respondent says in the brief: "Respondent submits further that the documents and writings called for under *subpoenas duces tecum* were not prepared or caused to be prepared by the Relator, its attorney, surety, indemnitor or agent. Under Rule 57.01, in preparation for or anticipation of litigation, Relator did not have reasonable grounds to believe there would be litigation in this case. The Relator maintains that it hired the subject witnesses for the purpose of giving testimony *at the trial of exceptions filed* in this *case*. This, of course, was denied by Respondent's return. There would be no litigation to which Relator refers until after the filing of exceptions and they could not reasonably believe that exceptions would be filed until after the report of the duly appointed commissioners was filed."

If the rule were interpreted as respondent contends it should be, then in every condemnation case the condemnor could be compelled under subpoena duces tecum to disclose the work product made by its employees or agents during the negotiations to reach an agreement as to the amount of compensation to be paid to the owner. Any work product made by agents of the condemnor, after suit is filed, would of necessity, to a great extent, be a duplication of that made prior to filing suit. An interpretation such as contended for by respondent would not be just and would defeat the purpose of Rule 57.01. For a general discussion of what is privileged or not privileged, see 27 C.J.S. Discovery § 72, pp. 224–233.

Respondent contends that the material sought under the order of subpoena duces tecum may be produced under S.Ct. Rule 57.20. Note respondent's argument in the brief: "Respondent seriously contends that, for the purpose of co-ordinating our rules in keeping abreast, if you please, with the modern trend of liberalization of our rules of discovery and also keeping in mind that this Honorable Court, since the inception of its new rules of civil procedure, has not expressed itself as to the scope and meaning of Rule 57.20, said rule should be read and interpreted along with and in connection with Rule 57.01.

"Pointedly stated, Rule 57.20 in keeping with the liberalization of discovery should be construed along with Rule 57.01, in that discovery may be had of writings and documents which may reasonably tend to lead to admissible evidence. This may be done by this Court at this time in the interests of justice, fairness and in the expediting of litigation. At the same time, it would come completely abreast with the Federal Rules of Civil Procedure from which it was initially patterned."

We agree with respondent's statement to the effect that "Rule 57.20 * * * should be read and interpreted along with and in connection with Rule 57.01." The portion of Rule 57.01, to the effect that "The examining party may not inquire as to the contents or substance of statements, written or oral, obtained from prospective witnesses by or on behalf of another party. The production or inspection of any writing obtained or prepared by the adverse party or coparty, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial," specifi-

cally protects a work product which is privileged. Said Rule 57.20 in no way abrogates or curtails those provisions. There is not a word in Rule 57.20 that tends to do so.

We therefore rule that the material sought to be obtained by the order of the respondent Judge is protected and privileged under S.Ct. Rule 57.01. It follows that our preliminary rule in prohibition should be made absolute. It is so ordered.

All concur.