STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Appellant,

v.

William KALIVAS and Helen Kalivas, Ex-
ceptions of William Kalivas and Hel-
en Kalivas, Respondents.

No. 56096.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

Robert L. Hyder, Chief Counsel, Tom J.
Helms and Earl H. Schrader, Jr., Asst.
Counsel, Kansas City, for appellant.

R. B. Miller, Jr., Platte City, for re-
spondents.

MORGAN, Presiding Judge.

Plaintiff, the State Highway Commis-
sion of Missouri, appropriated certain land
of the defendants for construction of
Highway I–635 in Platte County. Com-
missioners, appointed by the court, assessed
defendants' damage at $49,500. After trial
to a jury on the exceptions, a verdict was
returned in favor of defendants in the
amount of $7,000. Thereafter, judgment,
by way of refund, was entered in favor of
plaintiff for $42,500 plus interest. Defend-
ants were awarded a new trial, and plain-
tiff has appealed.

Facts sufficient to consider the question
posed may be stated summarily. The
record reflects: (1) that the landowners
employed three appraisers to acquaint
themselves with the taking and to be pre-
pared to establish the damage at an "infor-
mal hearing" before the court appointed
commissioners, and, presumably, later at
trial if exceptions were filed; (2) that two
of the three did so, but the third, whom we

will hereinafter refer to as No. 3, was either not prepared or available on the date of such hearing, and his services apparently were terminated; (3) that defendants, at the trial, called appraisers No. 1 and No. 2 as witnesses on the issue of damages; (4) that one defendant took the stand to testify on behalf of all owners, and that while being cross-examined was interrogated about the employment of appraiser No. 3; (5) that plaintiff, during its case in chief, requested permission to call No. 3 for the purpose of placing his opinion as to the damage before the jury, but the trial court refused the request on the ground that the same constituted a "work product" of defendants; (6) that during closing argument, plaintiff submitted the inference that testimony of No. 3 would have been prejudicial to defendants; and (7), that the order calling for a new trial concluded that ". . . the disclosure to the jury of an additional appraiser . . . having been employed together with failure of [defendants] to use said appraiser . . . did possibly, if not probably, prejudice the jury . . . ."

As the parties suggest, it does not appear that this court has decided the specific issue submitted, i. e., whether a party to a condemnation action can call a so-called expert appraiser of his adversary to express an opinion, or whether such opinion is privileged by virtue of it being a work product of such adversary. As plaintiff suggests: "The question appears to have been partially answered in other states with lack of uniformity in result and reasoning."

Before considering the general question presented, it is necessary to supplement the factual summary noted to delineate the specific problem of the trial court in this particular case. Between the time that the employment of No. 3 was terminated and the trial, No. 3 had sued defendants for a fee for his services, obtained judgment and initiated a judgment debtor examination.

Such proceedings were described by the trial judge, out of the jury's presence, as follows: ". . . it was very bitter, acrimonious you know, 'I'll get that son of a bitch' and talk like that."

Nevertheless, we do have the guidance of opinions of the appellate courts of this state on the general subject.

In State ex rel. State Highway Commission v. Jensen, Mo., 362 S.W.2d 568, a landowner, prior to trial through discovery, sought to elicit the "names of the persons inspecting the property, and the results of such inspections." This court sustained the commission's objections as to any conclusions reached reference damages, after considering Supreme Court Rules 57.01 and 57.20, V.A.M.R. pertaining to discovery, by holding that the same was "work product" and therefore "protected and privileged."

Recently, in Missouri State Park Board v. McDaniel, Mo.App., 473 S.W.2d 774, 777, the court had occasion to delineate further such limitations on discovery. Therein, it was said:

"In most all eminent domain cases the paramount issue concerns the amount of the condemnees' damages (State ex rel. State Highway Commission v. Davis, Mo. App., 466 S.W.2d 172, 173) and that was the principal issue in this cause * * * Defendants, in view of their interrogatory, had the right to know the identity of plaintiff's appraisers and to take their pretrial depositions if desired. State ex rel. Uregas Service Co. v. Adams, 364 Mo. (banc) 389, 394, 262 S.W.2d 9, 12. Although, if proper objections were made, defendants would not, either via discovery interrogatories or depositions, have the right under Rule 57.01(b) to require plaintiff or its experts to produce the contents or substance of the appraisal reports [State ex rel. State Highway Commission v. Jensen, Mo. (banc) 362 S.W.2d 568, 570(2)] or to require the opinions and conclusions of such

experts [State ex rel. Missouri Public Service Co. v. Elliott, Mo. (banc), 434 S. W.2d 532, 537–538(7)], this would not have prohibited defendants' counsel from deposing or otherwise interviewing these prospective witnesses or from conducting pretrial investigations regarding their qualifications." See also Barnes v. Boatmen's Nat. Bank of St. Louis, 348 Mo., 1032, 156 S.W.2d 597; State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69; State ex rel. Pete Rhodes Supply Co. v. Crain, Mo., 373 S.W.2d 38; State ex rel. Filkey v. Scott, Mo.App., 407 S.W.2d 79, 84[10]; State ex rel. McNutt v. Keet, Mo., 432 S.W.2d 597; and, State ex rel. Mueller v. Dixon, Mo.App., 456 S.W. 2d 594. In Elliott, supra, concerning discovery, this court said, 434 S.W.2d l.c. 537: "We now rule that such witnesses, whether 'experts' or not, may be required to state what they saw at the scene, whether they took anything away, and whether they disturbed anything; as to what they did, they should also be required to testify to the extent that any ordinary individual would, so long as that testimony does not necessarily involve their conclusions * * * (l.c. 538) By reason of our Rule 57.01(b) such discovery does not include the disclosure of the opinions and conclusions of experts (at least as to the experts of a party)." Adams, supra, also involved a pretrial discovery question and the same result was reached. Of particular interest here, however, is the added observation, 262 S.W.2d l.c. 12[3] that " . . . either party may use the testimony of any witness if he desires to do so." Decisions from other states on the question generally may be found in 86 A.L.R.2d 138 under the annotation "Discovery—Opponent's Expert Witness," and in 77 A.L.R.2d 1182 under the annotation: "Compelling Expert To Testify", and particularly Section 3, captioned: "Where expert has been employed by adverse party." From the cases therein discussed, several possibilities emerge, i. e., extend the ruling that an expert opinion

during pre-trial discovery is work product and privileged to include the trial itself; take a flexible approach and prohibit the calling of an expert of an adversary, if the party making the request has had no difficulty in obtaining experts of his own; declare that once the trial starts any person having knowledge on the issue for determination, regardless of by whom employed, is available to either party; or, to approach each case separately to resolve what would be fair under the particular circumstances. In this connection, we note a comment in plaintiff's brief—"Assuming that each side in any lawsuit will present the evidence which is most favorable to its position, it is highly relevant to the ascertainment of truth to discover whether or not there is evidence which is being withheld from the jury's consideration due to the strategy of one side or the other. This is a problem which our courts have recognized and faced in the field of personal injury litigation . . . In land condemnation cases the real estate appraiser fills a role similar to a physician in a personal injury case since the testimony addresses itself to one of the ultimate questions to be decided by a jury—damages in one case to the body, in the other to land." The argument, as made, is consistent with a declaration of this court in Adams, supra, 262 S.W.2d l.c. 12, that: "We see no reasonable distinction between physical examination of a person, when his condition is an issue in the case, and physical investigation of inanimate objects the condition of which are likewise issues therein."

■ It is not difficult to conceive of hypothetical situations wherein any one of the possible alternative approaches noted might be the most desirable rule to follow. The merit of each depends on the particular set of circumstances presented. For that reason, we believe it best not to have a rule as to the availability of witnesses specifically designed for and limited to ap-

praisers in a condemnation action; and, we therefore rule that they are to be treated as any other so-called expert witness. However, we do not depart from our ruling in Jensen, supra, that, prior to trial, the opinion of an appraiser as to damages in a condemnation suit is to be considered work product and not subject to discovery. As discussed in Jensen, such an approach is mandatory if we are to allow the jurisdictional requirement for "negotiations" before condemnation to continue to have any legitimate status or meaningful purpose in such proceedings. To this extent, our conclusion here may be distinguished from that reached in State ex rel. McNutt v. Keet, supra.

In so far as this case is concerned, witness No. 3 was available for plaintiff to call as its own witness. Plaintiff, if it so elects, should not be allowed to establish the prior employment of such witness by defendants during its case in chief. The defendants, during cross-examination, may decide not to establish the prior employment, however, if they elect to do so, they may bring out the fact of such employment and the termination thereof in an attempt to affect the credibility of such witness before the jury. If the first alternative is selected by defendants, argument relative to the prior employment of No. 3 would be improper. If defendants, however, bring out such fact while seeking to establish that the testimony of such witness should not be given any probative value, the same would be a subject for argument by either side. Bean v. Riddle, Mo., 423 S.W.2d 709, 720–721 [9–11].

The judgment is affirmed.

HENLEY and DONNELLY, JJ., and CONLEY, Special Judge, concur.