STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

Hartwell G. CRAIN et al., on exceptions of Clark A. Papin et al., Defendants-Appellants.

No. 34479.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 12, 1973.

Joe Bill Carter, Carter & Newmark, Clayton, for defendants-appellants.

Donald L. Spry, Kirkwood, Robert L. Hyder, Chief Counsel, Jefferson City, for plaintiff-respondent.

DOWD, Chief Judge.

In this condemnation case the Commissioners awarded defendants $10,500. Both plaintiff and defendants filed exceptions. The jury then assessed defendants-appellants' damages at $7,500. Thereafter, judgment by way of refund was entered in favor of plaintiff for $3,000 plus interest.

The appellants raise two points on this appeal: 1) the court erred in allowing plaintiff to introduce the price that appellants had originally paid for the property; 2) the court erred in failing to allow appellants to introduce Exhibit W, which was an apprisal prepared for plaintiff.

Appellants are the owners of a motel located on U. S. Highway 66 in St. Louis County, Missouri, in the City of Crestwood. In 1967, eleven years after they had acquired the property, plaintiff condemned about 295 square feet fronting on the highway. The taking caused a decrease from 225 of frontage on the highway with no restriction of access to 145 feet of frontage with no restriction and 80 feet with partially restricted access.

Appellants sought damages of $40,000, claiming that the taking limited the access

between the highway and an easement reserved for road purposes. Appellants' appraiser estimated damages as $36,900, and the State's appraisals of damages ranged from a high of $7,675 to a low of only $350. Appellants stated that a motel was not the most productive commercial use for the property.

In support of appellants' first point that it was error to allow plaintiff to admit into evidence the original price that appellants had paid for the property, appellants argue that the purchase was too remote in time to have probative value.

■ Generally, evidence of purchase price is competent to prove market value as of the time of taking, provided the purchase is not so remote in time that intervening conditions have arisen which eliminate the probative effect. State ex rel. State Highway Commission v. Rauscher Chevrolet Company, 291 S.W.2d 89 (Mo. 1956). The admissibility of evidence relating to the purchase price of property, however, is a matter within the trial court's discretion. Esmar v. Zurich Insurance Company, 485 S.W.2d 417 (Mo.1972). Unless evidence as to market value is wholly lacking in probative value, the weight to be given it, "including remoteness and changes of circumstances from date of taking to date of sale, is for the jury under appropriate instruction." State ex rel. State Highway Commission v. Ogle, 402 S.W.2d 605, 611 (Mo.App.1966). Evidence as to the value of the property condemned that sheds light on the issue should be admitted, subject to the discretion of the trial court; and, artificial rules of evidence excluding from the jury matters which men consider in their everyday affairs, should not be applied. State ex rel. State Highway Commission v. Barron, 400 S.W.2d 33 (Mo.1966).

■■ In the *Esmar* case, the court held that the evidence of the original cost of the property was properly excluded as too

remote when the property had been purchased twenty years before the damage occurred. On the other hand, in State ex rel. State Highway Commission v. Johnson, 287 S.W.2d 835 (Mo.1956) evidence as to sale price was admitted when the sale took place more than 20 years before the taking. In *Johnson* the court found no error in allowing evidence that the property in question sold for $25,000.00 in 1929, where the property values in the area had increased since then and witnesses for both sides valued the property at the time of the taking at more than $25,000.00. In Land Clearance Authority v. Doerenhoefer, 404 S.W. 2d 385 (Mo. banc 1966) the court admitted into evidence the purchase price paid by the condemnee nine years before the condemnation. In the present case the time difference was eleven years. The witnesses at trial testified to the increase in property value in the Crestwood area since the 1950's based on increased commercial development. Therefore, the time factor and the changed economic conditions were clearly presented to the jury. The admission of this evidence depends on whether it tends to aid the triers of fact in arriving at a conclusion on the issue of value and damages. We hold the trial court did not abuse its discretion in admitting the evidence of purchase price.

The appellants' second contention is that the trial court erred in refusing to admit their Exhibit W into evidence. Exhibit W was an appraisal prepared by Arthur Schneider for the State Highway Commission and indicated damages in excess of those specified by other witnesses for the State as well as those awarded by the jury. Mr. Schneider had died prior to the trial. At the trial and in the motion for a new trial appellants had alleged Exhibit W should have been admitted for the purpose of impeachment; on appeal they allege that the appraisal constituted an admission against the interest of the respondent. Plaintiff objected to the introduction of a

copy of the appraisal prepared by Mr. Schneider for the State on the ground that the appraisal was privileged as being work product and on other grounds not necessary to discuss here.

■ Appellant contends that the respondent had made the appraisal public and therefore cannot claim it is privileged as part of the respondent's work product. There is no evidence, however, that the plaintiff at any time made public the Schneider appraisal. Therefore, respondent has not waived its right to claim privilege on the basis of work product.

■ In State ex rel. State Highway Commission v. Jensen, 362 S.W.2d 568 (Mo. banc 1962) it was held that, prior to the trial, the opinion of an appraiser as to damages in a condemnation suit is work product and not subject to discovery. In the recent case of State ex rel. State Highway Commission v. Kalivas, 484 S.W.2d 292 (Mo.1972) the Missouri Supreme Court reaffirmed the holding in *Jensen* and held that one side could call the adversary's appraiser as its own witness to express his opinion on damages. The court warned, however, that the side calling the witness could not establish that the appraiser had been employed by the adversary. Here the appraisal shows on its face that it was prepared for the Missouri State Highway Commission. Therefore, a copy of this appraisal could not be introduced at trial because it plainly showed Schneider's former employment for the State and would be in violation of the rule established by *Kalivas*. Although *Kalivas* was decided after the present case, there was no pre-existing rule in this state permitting the introduction of this type of appraisal at trial. We believe that consistency with both *Jensen* and *Kalivas* dictates our holding that the Schneider appraisal as offered was not admissible at trial.

The judgment is affirmed.

CLEMENS and McMILLIAN, JJ., concur.