STATE of Missouri ex rel. STATE HIGHWAY COMMISSION, Plaintiff-Respondent,

v.

Mildred SCHWARTZ et al., on the Exceptions of Hill-Behan Lumber Company, Defendant-Appellant.

No. 36031.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 26, 1975.

**954**

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Richard B. Scherrer, St. Louis, for defendant-appellant.

Bruce A. Ring, Jefferson City, Thomas H. Pearson, Kirkwood, Gregory F. Hoffmann, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant from a judgment entered on January 15, 1974 by the Circuit Court of St. Louis County following a jury verdict awarding defendant Hill-Behan Lumber Company (hereafter Hill-Behan) the sum of $17,000 for the taking of certain property by plaintiff State Highway Commission (hereafter Commission). We affirm.

Hill-Behan owns five retail stores, one of which is located on the subject property. That tract of land fronts on New Tesson Ferry Road and was formerly bounded on the rear by Old Tesson Ferry Road. The Commission condemned a section at the rear of this property consisting of 3,900 square feet (0.09 acre). Following this condemnation a new raised section of Highway 21 was constructed in such a way as to replace Old Tesson Ferry Road as the rear boundary of the property and to eliminate the rear access to the property.

Prior to the taking, there were two separate business operations on the subject property, a retail outlet at the front and a

wholesale outlet at the rear. The retail customers used the entrance and exit on New Tesson Ferry Road. The trucks servicing the wholesale operation used the entrance and exit on Old Tesson Ferry Road. Hill-Behan discontinued its wholesale operations at this site after the taking. However, there was conflicting testimony and evidence on whether it was, in fact, unfeasible for the trucks to use the front access.

In 1968, the Commission filed its petition for condemnation. The property was condemned. The report of the commissioners was filed, and an award was made in the amount of $25,750. Both the Commission and Hill-Behan filed written exceptions to the Commissioners' award and requested a jury appraisement. In January 1974, trial was held resulting in a verdict of $17,000. Hill-Behan's motion for a new trial was overruled. Hill-Behan appealed.

Hill-Behan alleges three basic errors on appeal. The first is that the trial court erred in overruling defendant's motion for a new trial in that the verdict was so inadequate as to be against the weight of the evidence. The second is that the trial court erred in giving Instruction No. Two, which was MAI 3.02, *Burden of Proof-Eminent Domain* (1973 Revision). The third is that the trial court abused its discretion in overruling objections to the admissibility of evidence as to defendant's damages, in sustaining plaintiff's objections to defendant's testimony in rebuttal, and in permitting plaintiff to question defendant's witness about the deed to the subject property.

Defendant's contention that the verdict was so inadequate as to be against the weight of the evidence is grounded on the assumption that the taking forced defendant to discontinue wholesale operations. Defendant maintains that being blocked caused more significant damage than the amount of footage taken would indicate. Based on footage taken plus alleged loss of use, defendant calculated the damages to be $44,500. However, this theory was not uncontradicted. The two real estate appraisers who testified for the commission expressed the opinion that the property was not special use property and that the limitation of access did not affect the use of the property. They computed damages, based solely on the amount of footage taken, to be $3500 to $3700. Both theories were presented to the jury, whose prerogative it was to resolve the conflict and determine just compensation.

Appellate courts will not reweigh the evidence unless damages are grossly excessive or inadequate. *Missouri Public Service Commission v. Argenbright*, 457 S.W.2d 777, 782 (Mo.1970). The applicable rule in condemnation actions is that, ". . . The opinion of one qualified witness as to the extent of damages constitutes substantial evidence . . ." *State ex rel. State Highway Commission v. Bopp*, 516 S.W.2d 38, 39 (Mo.App.1974). Here the jury assessment was within the range presented by the witnesses. It is not relevant to say, as defendant does, that plaintiff's witnesses were not experts in the lumber business. The measure of damages is diminution in market value of the property, not loss of business profits. *State ex rel. State Highway Commission v. Johnson*, 392 S.W.2d 251 (Mo.1965). Both plaintiff's witnesses were qualified real estate appraisers. Therefore, the jury assessment was supported by substantial evidence.

Defendant contends that the trial court erred in giving Instruction No. Two because MAI 35.08 *Illustration* should have been given in place of MAI 3.02 *Burden of Proof-Eminent Domain* (1973 Revision). The basis for this contention is that MAI 3.02 and MAI 35.08 are in conflict concerning a defendant's burden of proof in condemnation cases. MAI 3.02 states, "The burden is on the defendant to cause you to believe that he has sustained damage and the amount thereof." MAI 35.08 states, "The burden is upon Defendant to cause you to believe the evidence necessary to support the amount

of his damages. . . ." MAI 35.08 does seem to place a lesser burden on a defendant in that it assumes that damage has been sustained and only requires the defendant to show the amount thereof. However, the recent modification of MAI 3.02 indicates that the heavier burden is intended. In *State ex rel. State Highway Commission v. Sams*, 484 S.W.2d 276 (Mo.1972), the Supreme Court conceded that MAI 3.02 (effective September 1, 1969) placed too slight a burden on defendants and recognized the need for a reevaluation. On December 19, 1972, the Supreme Court Committee modified MAI 3.02 to its present form, effective July 1, 1973. See *State ex rel. State Highway Commission v. Baker*, 505 S.W.2d 433 (Mo.App.1974).

Furthermore, the "Notes on Use" to MAI 3.02 specifically require that it be used in all eminent domain cases, whereas 35.08 is merely an illustration. Supreme Court Rule 70.01(b) provides that whenever MAI contains an applicable instruction, which the court decides to submit, it shall be given to the exclusion of any other on the same subject. Rule 70.01(c) provides that the giving of an instruction in violation of this Rule shall constitute error. Therefore, the court was bound to use MAI 3.02, and to have given MAI 35.08 would clearly have been an error. *State ex rel. State Highway Commission v. Nickerson & Nickerson, Inc.*, 494 S.W.2d 344 (Mo.1973).

Defendant also contends that Instruction No. Two was prejudicial because it used the plural pronoun "they" in place of a singular pronoun to refer to Hill-Behan. Such a mistake is admittedly an error. However, where the mistake was inadvertent and substantially correct and the jury was aware of the real party in interest, the error does not amount to prejudicial error. *Gormly v. Johnson*, 451 S.W.2d 45 (Mo.1970) and *Newsom v. Crockett*, 453 S.W.2d 674 (Mo.App.1970).

Defendant's remaining objections all charge abuse of discretion in the admission or exclusion of evidence. Therefore, it is expedient to establish the standard for abuse at the outset. ". . . in land damage cases errors in admission or exclusion of evidence will not result in the reversal of verdicts unless there is substantial and glaring injustice. . . ." *State ex rel. State Highway Commission v. Texaco, Inc.*, 502 S.W.2d 284, 289 (Mo.1973).

Defendant asserts errors with respect to the court's rulings on the admissibility of evidence as to its damages arising from its discontinuance of wholesale operations. The court admitted, over defendant's objections, plaintiff's photographic exhibits 3, 5 and 6 showing two parked trucks on the rear part of the subject property ten days before trial. Defendant contends that these photographs were not relevant on the issue of whether defendant could operate a wholesale business on the property after the taking because one truck was supplying the retail store and the other belonged to a construction company doing work on the adjoining railroad track. However, the photographs did support plaintiff's position that the property was still adaptable for a wholesale business because it was physically possible for trucks to reach the rear of the property. Therefore, the photographs did not divert the minds of the jurors to irrelevant or improper considerations, and their admissibility was within the sound discretion of the trial judge. *State ex rel. State Highway Commission v. Cone*, 338 S.W.2d 22, 27 (Mo.1960) and *State ex rel. State Highway Commission v. Thelnor, Inc.*, 485 S.W.2d 443, 446 (Mo.App.1972). We see no abuse of discretion in the ruling of the court. Defendant also objects to the court's permitting plaintiff's real estate appraiser witnesses to testify, over defendant's objections that they were not qualified as experts, that defendant could continue to operate a wholesale business. As discussed above, plaintiff's witnesses did not purport to have knowledge of the lumber business, but as real estate appraisers, they were qualified to testify as to whether it was

special use property. We see no abuse of discretion in the ruling of the court.

 Defendant asserts that the court erred in failing to afford defendant a fair opportunity to rebut the plaintiff's evidence that defendant sustained no damages as a result of discontinuance of its wholesale operation. Specifically the court sustained objections by plaintiff to defendant's testimony in rebuttal explaining the photographic exhibits, stating that no trucks had operated on the property in connection with the wholesale operation since the taking, and enumerating the factors which led to discontinuing the wholesale operation. Plaintiff's objections were on the basis of repetition. Rebuttal evidence is "evidence tending to disprove 'new points first opened by' the opposite party. . . ." *Peters v. Dodd*, 328 S.W.2d 603, 610 (Mo.1959). The trial court has discretion to exclude testimony in rebuttal not only where it would be repetitive but also where it ". . . should have been offered in the presentation of the case in chief. . . ." *Rutledge v. Baldi*, 392 S.W.2d 244, 248 (Mo. 1965); *Jensen v. Walker*, 496 S.W.2d 317 (Mo.App.1973) and *Parrott v. Kisco Boiler & Engineering Co.*, 332 S.W.2d 41 (Mo.App. 1960). Here, defendant, in its case in chief, introduced the theory that the loss of rear access caused defendant to discontinue its wholesale operation and thereby reduced the value of its property. Plaintiff's witnesses reached the opposite conclusion. In rebuttal defendant attempted to fortify its theory. Such evidence was not offered to disprove any new point first opened by plaintiff. Therefore, the trial court did not abuse its discretion in excluding the proffered evidence.

 Defendant asserts that the trial court erred in permitting plaintiff's counsel to question defendant's witness, over objection, about defendant's deed to the subject property for the purpose of refreshing the witness' memory with regard to the purchase price of the subject property. Defendant contends first that the purchase price was too remote in time to be relevant to the issue of market value at the time of taking and secondly, even if purchase price were relevant, the deed was not material since it contained a recital of only nominal consideration. Evidence of purchase value is competent to prove market value at the time of the taking provided it is not so remote in time as to be wholly lacking in probative value. *State ex rel. State Highway Commission v. Crain*, 496 S.W.2d 867 (Mo.App.1973). The admissibility of the purchase price is discretionary with the trial court. *State v. Crain*, supra. Here, the deed was dated 13 years before the taking. On objection, the court properly ruled that remoteness in time went to weight rather than admissibility. *State ex rel. State Highway Commission v. Ogle*, 402 S.W.2d 605, 610–11 (Mo.App.1966). Therefore, the trial court did not abuse its discretion. Moreover, if there had been an error, it could not be deemed prejudicial since the witness never recollected—and the jury never learned—the purchase price.

The judgment of the trial court is hereby affirmed.

SIMEONE, P. J., and GUNN, J., concur.