STATE of Missouri, ex rel., MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Appellant–Respondent,

v.

Betty RANTZ, et al., Respondents–Appellants.

Nos. 22821, 23366.

Missouri Court of Appeals,
Southern District,
Division One

April 4, 2001.

Motion for Rehearing or to Transfer to Supreme Court Denied April 27, 2001.

Application to Transfer Denied
May 29, 2001.

R.B. Regan, District Counsel, Springfield, Rich Tiemeyer, Chief Counsel, Peter M. Donovan, Asst. Chief Counsel, Jefferson City, for appellant MO Hwy. & Trans. Comm'n.

Richard L. Schnake, Jerry L. Redfern, Brian K. Asberry, Neale & Newman, L.L.P., Springfield, for respondents Betty Rantz, et al.

PARRISH, Presiding Judge.

The Missouri Highway and Transportation Commission (MHTC) filed an action in Stone County to condemn certain property for highway construction. The land sought by MHTC included tracts owned by respondents in No. 22821 (referred to in this opinion as "landowners"). Landowners are the appellants in No. 23366. Landowners moved to dismiss the action for lack of subject matter jurisdiction on the basis that MHTC had not joined necessary and indispensable parties to the action. Landowners further asserted that the trial

court did not have jurisdiction to proceed for other reasons, including that MHTC failed to negotiate in good faith with all individuals who owned interests in the property it sought.

MHTC filed an amended petition naming the parties who landowners contended were necessary and indispensable parties. The trial court then granted landowners' motion to dismiss on the grounds that MHTC did not negotiate with or make offers to purchase leasehold interests of the defendants who had been added as parties to the litigation. The trial court found there was no just reason for delay in entering judgment dismissing the action. Judgment was entered February 2, 1999. *See* Rule 74.01(b). MHTC appeals that judgment. That appeal is No. 22821.

Landowners also filed a motion for sanctions seeking payment of their attorney fees by MHTC "as a sanction for needless, wrongful, and vexatious filing and prosecution of the action." The trial court found there was no statutory authority for awarding the attorney fees landowners sought. The trial court further found it could not determine "the wrongfulness of [MHTC's] actions because an appeal of the dismissal is pending" which could result in a determination that the trial court's dismissal of the condemnation action was erroneous. The trial court entered judgment December 8, 1999, denying landowners' motion for sanctions. Landowners appeal that judgment. That appeal is No. 23366.

Nos. 22821 and 23366 were consolidated by this court. No. 22821 is reversed and remanded. No. 23366 is affirmed.

### No. 22821

■ The parties MHTC added by means of its amended petition had leasehold interests in tracts MHTC was condemning.[1] The trial court found their interests existed before the condemnation action was commenced; that MHTC was aware of those interests. It concluded that MHTC did not negotiate with or make any offer to purchase the respective tracts owned by those persons; that this was contrary to § 523.010[2] and Rule 86.04.

MHTC contends the trial court erred in holding it lacked subject matter jurisdiction and in dismissing the condemnation action. MHTC argues that offers were made to the holders of the fee interests in the tracts of real estate being condemned; that the trial court's finding that offers were required to be made to the holders of lesser interests in the real estate was an erroneous declaration of law. This court agrees.

MHTC has authority to condemn land for highway use and highway construction. *See* § 227.120. Missouri statutes governing condemnation proceedings are found in chapter 523. Section 523.010.1 provides that a condemning authority may initiate an action to appropriate land for public use when it and landowners "cannot agree upon the proper compensation to be paid." Rule 86.04 provides that a petition filed in a condemnation action shall contain "a

---

1. The persons added as defendants who the trial court found had leasehold interests in property MHTC sought to condemn were John C. Walker, Virginia C. Walker, Ayres Outdoor, Inc., formerly known as Ayres Advertising and Sign Co., Tall Pines Campground, Inc., John the Diver, Inc., Ozark Mountain Enterprises, d/b/a State Park Marina, Cooper Creek Resort and Campground,

Inc., Ronald M. Holloway and Karen S. Holloway, d/b/a Stormy Point Camp and Resort, Modern Enterprises, Inc., d/b/a Hiawatha Resort, and Donald J. Lock and Loretta Lock, d/b/a Branson Stage Coach R.V. Park.

2. References to statutes are to RSMo 1994 unless stated otherwise.

statement either that the condemnor or owner can not agree on the proper compensation to be paid or that an owner is incapable of contracting, is unknown, can not be found or is a non-resident of the state."

*State ex rel. State Highway Com'n v. Pinkley,* 474 S.W.2d 46 (Mo.App.1971), explains:

The power of eminent domain is an inherent attribute of sovereignty to be exercised by such agencies, for such public purposes and in such manner as may be provided by law. *State ex rel. Lane v. Pankey,* 359 Mo. 118, 221 S.W.2d 195 [ (banc 1949) ]; *State ex rel. State Highway Commission v. James,* 356 Mo. 1161, 205 S.W.2d 534 [ (banc 1947) ]; *State ex rel. State Highway Commission v. Gordon,* 327 Mo. 160, 36 S.W.2d 105 [ (banc 1931) ]. Section 227.120, RSMo 1969,[3] V.A.M.S., empowers the Commission to condemn land for the purposes stated therein, and paragraph (13) of that section provides that the procedure to be followed shall be in accordance with the provisions of Chapter 523 of our statutes. Section 523.010 [4] of that chapter " * * * authorizes the filing of condemnation proceedings only in such cases where the condemnor 'and the owners cannot agree upon the proper compensation to be paid.' * * * " *State ex rel. State Highway Commission v. Jensen,* Mo., 362 S.W.2d 568, 569 [ (banc 1962) ]. Accordingly, our appellate courts have long and uniformly held that the inability of the condemnor to reach an agreement with the owner on the price to be paid for the land is a jurisdictional fact which must be both pleaded in the condemnor's peti-

tion, and proven. *State ex rel. State Highway Commission v. Jensen, supra; Caruthersville School Dist. No. 18 of Pemiscot County v. Latshaw,* 360 Mo. 1211, 233 S.W.2d 6 [ (1950) ]; *School Dist. of Clayton v. Kelsey,* 355 Mo. 478, 196 S.W.2d 860 [ (1946) ]. Thus since the case of *Lind v. Clemens,* 44 Mo. 540, decided in 1869, it has been a firmly settled principle of law that when the authority to condemn is conditioned upon the inability of the condemnor and the owner to agree upon the amount to be paid, and no effort of the condemnor to effect an agreement is shown, the condemnation proceedings cannot be maintained. *Leslie v. City of St. Louis,* 47 Mo. 474 [ (1871) ]; *City of St. Louis v. Glasgow,* 254 Mo. 262, 162 S.W. 596 [ (1914) ]; *State ex rel. State Highway Commission v. Cady,* Mo.App., 372 S.W.2d 639 [ (1963) ], cert. den. 385 U.S. 204, 87 S.Ct. 407, 17 L.Ed.2d 300 [ (1966) ]. In *Cady* (l.c.642) the court said:

" * * * Necessity is the underlying basis for the sovereign's exercise of the power of eminent domain. No such necessity can exist until it be shown that the parties cannot agree in private negotiation. Our landowners should not be haled into court, nor should dockets be burdened with such litigation until it is made to appear affirmatively that negotiations have been attempted and have failed."

*Id.* at 48–49.

MHTC contends it was not required to negotiate with owners of leasehold interests since it had not been able to negotiate agreements with the respective owners of fee interests in the various tracts involved

---

3. § 227.120, RSMo 1994, is unchanged from what it was in RSMo 1969.

4. The substance of the applicable provisions of § 523.010, RSMo 1969, referred to in quotations that appear in this opinion remains the same in the 1994 revision of that statute.

in the condemnation. MHTC cites *M & A Elec. Power Co-op. v. Georger,* 480 S.W.2d 868 (Mo.1972), and *City of Blue Springs v. Central Devel. Ass'n,* 684 S.W.2d 44 (Mo. App.1984), in support of its position.

*M & A Electric* involved a power company's effort to obtain a perpetual easement across real estate owned by a husband and wife as tenants by the entirety. An offer was made to the husband that was rejected. No offer was made to the wife. A condemnation action was brought to obtain the easement. The property owners moved to dismiss the action on the grounds that the power company had not negotiated in good faith in attempting to purchase the easement because it had not negotiated with both landowners. The trial court denied the motion. The supreme court held this was not error; that the power company's offer to the husband met the statutory requirement that the landowners and the condemning authority must be shown to be unable to agree upon proper compensation for the land sought in order to proceed with condemnation. The court held:

> This evidence was adequate to meet the jurisdictional showing that the condemnor and "the owners cannot agree upon the proper compensation to be paid * * *." § 523.010 RSMo 1969, V.A.M.S. The fact that the agent did not discuss the offer with [the wife] does not defeat the right of plaintiff to condemn. [The husband] would have been required to join in any grant of easement and his flat refusal to do so made unnecessary the tender of the offer to [the wife].

480 S.W.2d at 870.

In *City of Blue Springs* a city sought to condemn land for constructing a municipally owned water system. The city intended to sink wells and extract water from the underground water supply on the property it sought. It intended to build a water treatment plant near the wells. Easements were also sought to drain off waste from the treatment plant and to pipe water to the city.

The property the City of Blue Springs sought included a tract owned by Central Development Association (CDA), the real estate holding corporation for the Reorganized Church of Latter Day Saints. Another corporation, Community Water Company (CWC), owned the subsurface water rights to the CDA land. The city negotiated with the owner of the fee interest in the property, CDA, before initiating a condemnation action, but did not negotiate with CWC, the owner of the subsurface water rights. The court held this met the statutory requirement for negotiation with a landowner before initiating condemnation proceedings. It explained:

> In *State ex rel. Weatherby Advertising Company v. Conley,* 527 S.W.2d 334, 336 (Mo. banc 1975), it was held to be a jurisdictional requirement that the condemnor and property owner have been unable to agree on the compensation to be paid for the property being taken. This jurisdictional fact must be both pleaded and proved. Contrary to the trial court's findings, there is substantial evidence to support that Blue Springs accomplished both.
>
> The fee owner of the property here involved is CDA. According to the court in *State ex rel. State Highway Commission v. Pinkley,* 474 S.W.2d 46, 49 (Mo. App.1971) (cited with approval by the Missouri Supreme court in *Conley, supra*), to satisfy the statutory requirements of § 523.010 RSMo the condemnors' evidence must show that a valid offer was made by one party, usually the condemnor, and rejected by the other. The record on appeal includes evidence that on June 16, 1982 Blue Springs unconditionally offered $132,200 to CDA

for the six tracts of land. Then on July 12, 1982 CDA rejected this offer....

. . .

A final aspect of the good faith negotiations issue is Blue Springs' failure to negotiate with CWC.... The question here is whether Blue Springs had a legal obligation to acquire anything but CDA's fee interest. Analogous situations occured [sic] in two Missouri Supreme Court cases. In *Western Robidoux Printing & Lithographing Co., Inc. v. Missouri State Highway Commission,* 498 S.W.2d 745 (Mo.1973), the plaintiff/appellant was a lessee on the condemned property, and argued a lack of good faith negotiations because the Highway Commission failed to acquire their leasehold interest. The court held that the compensation to be paid is ascertained as though the property belonged to one person, and then the sum is apportioned between the lessee and lessor. There was nothing improper for the Highway Commission to only negotiate with the owner of the fee.

In *M & A Electric Power Cooperative v. Georger,* 480 S.W.2d 868, 870 (Mo. 1972), the condemned land was held in tenancy by the entirety. The condemnor only negotiated with the husband, but the court held that the flat refusal of one party made it unnecessary to tender an offer to the other party, and that the evidence was sufficient to show the inability of the parties to agree upon the compensation to be paid.

In Blue Springs' situation it was clear that the fee owner, CDA, could not agree on the price to be paid for the six tracts of land. It was unnecessary for Blue Springs to decide how much should be offered for each subsidiary interest. Therefore, Blue Springs did not show a lack of good faith for failing to negotiate with anyone but the fee owner.

684 S.W.2d at 49–50. *City of Blue Springs* held the condemning authority's offer to only the fee owner (which offer was rejected) satisfied, for jurisdictional purposes, the requirement to negotiate in good faith.

The rationale of *City of Blue Springs* and one of the cases it discussed and relied on, *Western Robidoux,* was based, in large part, on the statutory procedure for allocating sums awarded in condemnation actions among fee holders and owners of lesser interests. Section 523.040 sets forth the duties of commissioners appointed to assess damages property owners may sustain as a result of the taking of their land by condemnation. Commissioners assess damages to particular tracts of land. Property owners or the condemning authority may file exceptions to the award. § 523.050.1. If exceptions are filed, damages may be assessed by means of jury trial. § 523.050.2.

Section 523.053 provides the means for distributing condemnation awards among multiple people who have interests in the tract of land condemned. After damages to a particular tract are assessed, defendants in the condemnation action who claim a determinable interest in the proceeds may seek determination of the percentage of the total award that each party having an interest in the property shall receive. If a tract being condemned is subject to a leasehold interest, a single award of damages is made without regard to a lessee's claim. That amount may be allocated through the procedure prescribed by § 523.053 between the owner of the fee interest and the owner of any leasehold interest. As explained by the Western District of the court in *Land Clearance for Redevelopment Authority of Kansas City v. Ridge,* 781 S.W.2d 104 (Mo.App.1989):

If the condemning authority were condemning the entire fee in the property (the fee including both the leased fee and the leasehold interest), then the condemning authority would be held to pay in damages the reasonable market value of the whole. It would pay a single sum; it would then be up to the landlord and the tenant to settle the division thereof by agreement or by litigation. *See* Section 523.053, RSMo 1986.[5]

*Id.* at 106.

Landowners contend that a condemning authority has not complied with § 523.010.1 if it has not extended offers to purchase the leasehold interest in the property it seeks to acquire. They argue that there is no showing that property owners cannot agree upon proper compensation absent offers being extended to leaseholders. This court does not agree. To impose such requirements on negotiations would be inconsistent with the manner in which condemnation awards are allocated among the owners of fee interests and the owners of leasehold interests. Such requirements would be contrary to the holdings of *M & A Electric* and *City of Blue Springs* that refusal of an offer by a fee holder whose conveyance is required to transfer title to real estate makes negotiation with parties holding other interests in the property unnecessary. Landowners have cited no Missouri authority that holds otherwise. This court's independent research has disclosed no such authority.

This issue is discussed in *Nichols on Eminent Domain*, where it is stated, "Despite the mandatory character of the negotiation requirement, most courts recognize that the requirement is excused where negotiations would be useless." 6 *Nichols on Eminent Domain* § 24.13[1][b] p. 24–205 (3rd ed.1982). *Nichols* observes that an

inability to agree with the fee owner will ordinarily excuse the necessity to negotiate with a lessee, as well as with others holding different types of interest in the property being sought. *Id.* at § 24.14[2] p. 24–238. Cases in other jurisdictions with holdings consistent with this position include *Commonwealth v. Cardinal Hill Nursery, Inc.,* 343 S.W.2d 842, 844 (Ky.1961); *Aronoff v. City of Dallas,* 316 S.W.2d 302, 306–07 (Tex.Civ.App.1958); *Texas–New Mexico Power Co. v. Hogan,* 824 S.W.2d 252, 253–54 (Tex.App.—Waco 1992); and *Town of Hertford v. Harris,* 263 N.C. 776, 140 S.E.2d 420, 422 (1965).

Landowners' argument is not persuasive. The point on appeal in No. 22821 is granted. The trial court erroneously declared the law in holding MHTC was required to negotiate with and make offers to purchase leasehold interests after fee owners had rejected offers to purchase the tracts that were subject to those leaseholds. The judgment dismissing the condemnation action will, therefore, be reversed and the case remanded.

### *No. 23366*

Landowners premise their allegation of trial court error in denying their motion for sanctions on MHTC's failure to dismiss the condemnation proceedings that are the subject of these consolidated appeals. The point on appeal in No. 23366 complains "that [MHTC] commenced the underlying condemnation action without negotiating with and naming all persons having an interest in the land [MHTC] sought to condemn, and it did not correct the defect but instead needlessly, wrongfully, and vexatiously continued the proceedings when it was in [MHTC's] power to dismiss them and avoid [landowners'] need to incur attorneys' fees and litigation defense costs."

---

**5.** § 523.053 is unchanged from the 1986 revision of that statute.

The trial court denied landowners' motion for sanctions observing that the judgment dismissing the condemnation action had been appealed. The trial court spurned the sibylline conclusion that its dismissal of MHTC's case would withstand appellate scrutiny.

As the trial court postulated could occur, this court, in No. 22821, determined that the judgment dismissing the condemnation action should be reversed. In view of the present posture of the case, that its dismissal is being reversed and the case remanded, the issue presented by landowners' point on appeal in No. 23366 is moot.

### Dispositions

The judgment to which No. 22821 is directed, the trial court's dismissal of the condemnation action, is reversed. The trial court's denial of landowners' motion for sanctions to which No. 23366 is directed is affirmed. The case is remanded for further proceedings.

SHRUM and MONTGOMERY, JJ., concur.