STATE ex rel. STATE HIGHWAY COM-
MISSION of Missouri, Relator,

v.

The Honorable Donald E. DALTON,
Judge, Respondent.

No. 58196.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1973.

———◆———

Robert L. Hyder, Jefferson City, Gregory F. Hoffman, Kirkwood, for relator.

Paul F. Niedner, St. Charles, Reginald P. Bodeux, St. Louis, Niedner, Moerschel, Nack & Ahlheim, St. Charles, for respondent.

ORIGINAL PROCEEDING IN PROHI-
BITION

MORGAN, Judge.

In this original proceeding in prohibition, relator seeks to prohibit respondent from enforcing an order that relator's prospective "expert" witnesses in a condemnation action divulge their "conclusions" as reflected in appraisal reports which they prepared at the request of and for relator.

Factually, it appears that on July 14, 1972, relator initiated an action in St. Charles County, Missouri, to condemn certain real property of several named landowners for improvement of State Highway No. 61; that relator, as the condemning authority, employed certain supposedly qualified individuals to appraise the properties and determine the extent of damage; that on August 20, 1972, the landowners issued a Notice To Take Depositions of the appraisers employed by relator and a Subpoena Duces Tecum for them to produce their "appraisal reports"; that on August 22, 1972, in response to said notice, one of relator's appraisers appeared for questioning but upon advice and objection posed by relator (based on Missouri Supreme Court Rule 57.01(b), V.A.M.R.) he refused to reveal his ultimate conclusions reference damages; that such objections were certified to the trial court; that subsequent thereto an order of condemnation was entered on September 22, 1972; that, thereafter, the trial court on December 4, 1972, entered the order which relator now seeks to avoid.

We have read the deposition but need not detail all of the questions asked, State ex rel. Norfolk & Western Ry. Co. v. Dowd, 448 S.W.2d 1 (Mo. banc 1969), nor set out in full the order entered. It is sufficient to say that the order called for the witnesses to divulge their conclusions or "not be permitted" to testify at trial. From a reading of the lengthy order, it is quite apparent that the trial court was aware of the general law on the subject, i.

e., ". . . that the work product in question is privileged as having been prepared by relator's agent in anticipation of litigation." State ex rel. State Highway Commission v. Jensen, 362 S.W.2d 568, 570 (Mo. banc 1962). For instance, a portion of the order provided: "The Court is making its rulings as of a time subsequent to the making of the order of condemnation and is considering the issues here involved *at a time and stage of the trial subsequent* to the making of the order of condemnation. The Court's rulings are intended to be applicable to a condemnation case filed but where the 'trial' has begun. This Court considers the 'trial' of this cause to have begun and to be in progress for the purpose of these rulings. This Court would not overrule plaintiff's objections and would not require answers to questions propounded of the witness at a time prior to when the order of condemnation was made."

Although somewhat presumptuous, it is perhaps fair to say that the trial court's reasoning was premised on prior appellate opinions which prohibited such inquiry for the reason, among others, that: "As discussed in Jensen, such an approach is mandatory if we are to allow the jurisdictional requirement for 'negotiations' before condemnation to continue to have any legitimate status or meaningful purpose in such proceedings." State ex rel. State Highway Commission v. Kalivas, 484 S.W.2d 292, 295 (Mo.1972). However, there were and are other reasons for the conclusion reached in Jensen. For example, Rule 57.-01(b), pertaining to discovery, specifically provides, in part, that: "The production or inspection of any writing obtained or prepared by the adverse party . . . that reflects . . . except as provided in Rule 60.01 [pertaining to physical and mental examinations] the conclusions of an expert, shall not be required." Interpretation of that portion of the rule has been consistent and recognized as such, e. g., State v. Jensen, supra (banc 1962); State ex rel. Missouri Public Service Co. v. Elliott, 434 S.W.2d 532 (banc 1968); Missouri State Park Board v. McDaniel, 473 S.W.2d 774 (Mo.App.1971); State ex rel. State Highway Commission v. Kalivas, supra, (1972).

In passing, we do not feel it necessary to discuss what, if any, significance the "start" of the trial might have had on the issue in question. We do note, however, that Black's Law Dictionary (Third Edition) accepts judicial language to define a "Trial" as: "The examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue." In the generally accepted sense, the trial of the basic action had not started at the time the challenged order was entered.

We acknowledge that the brief filed on behalf of respondent (and the landowners) points up that both federal and state courts are now questioning the validity of the present rule of discovery being considered, and we feel it proper to say that, presently, committee work is being done to re-evaluate the rule and the desirability of possible modifications. The compilation of cases and research material provided in the brief filed will be helpful in that task. Nevertheless, in view of the existing rule and the known fact that an untold number of condemnation cases have been successfully tried thereunder, we will await the result of the committee work noted.

A peremptory writ of prohibition should issue and *it is so ordered.*

All concur.