**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,**

v.

**Honorable Flake L. McHANEY, Respondent.**

No. 14714.

Missouri Court of Appeals, Southern District, Division Two.

July 29, 1987.

Bruce A. Ring, Jefferson City, John W. Koenig, Jr., Sikeston, for relator.

C.H. Parsons, Jr., Parsons, Mitchell & Wilson, Dexter, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

MAUS, Judge.

PRELIMINARY ORDER MADE ABSOLUTE

In the underlying action, the circuit court entered an order condemning several tracts of land for the improvement of U.S. Highway 60. Subsequent steps in respect to two of those tracts resulted in this proceeding in prohibition to restrict discovery of reports of appraisals.

The owners of the tracts and the condemnor filed exceptions to the awards of

the Commissioners. Each owner filed a Request for the Production of Documents. Rule 58.01. Each request included the following.

2. All appraisals or statements of value made by all persons other than Plaintiff's employees or staff members relating to Defendant's property which is the subject of this lawsuit.

The condemnor filed a Motion for a Protective Order with respect to each request. Following a hearing upon those motions, the circuit court entered an order in each case that included the following finding.

[T]o require the Defendant property owner to pay the Plaintiff's outside appraisers a fee to obtain appraisal information by deposition when that information is available, as it is in this case, in a written appraisal document, would constitute a manifest injustice.

Each order then directed the condemnor to produce the documents unless it filed a statement agreeing to pay for fees charged by an appraiser for giving a deposition at the instance of the owner. Upon the condemnor's petition, this court entered a preliminary order restraining the enforcement of those orders for production.

The discoverability of the notes and memoranda of appraisers in condemnation actions has been recently decided by the Supreme Court of Missouri in *State ex rel. Missouri Highway and Transportation Commission v. Honorable David Anderson*, 735 S.W.2d 350 (Mo.App.1987). In the underlying action and in this court the parties conceded the appraisers involved were expert witnesses.

Thus, if the matter sought to be discovered constitutes 'facts known and opinions held by experts,' Rule 56.01(b)(3) does not come into play at all and the exclusive methods of discovery of that matter are set forth in and limited by Rule 56.-01(b)(4). Those methods are interrogatories and depositions. They do not include the issuance of subpoenas duces tecum in connection with a hearing.

Id. at 356. Nor do they include a Motion for Production of Documents. "No portion of Rule 56.01 permits the landowners to discover the notes, memoranda, summaries or written documents used in making the appraisals for the relator." Id. at 356. Those portions of the orders of the circuit court pertaining to request No. 2 referred to above are quashed. The preliminary order of prohibition is made absolute.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.