**STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,**

v.

**Honorable David ANDERSON, Judge, of the Circuit Court of Greene County, Respondent.**

No. 15449.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 1988.

Gerald H. Lowther, Michael K. Cully, Lowther, Johnson, Lowther, Cully & Housley, Springfield, for respondent.

Rich Tiemeyer, John H. Gladden, Jefferson City, Judy L. Curran, Springfield, for relator.

MAUS, Judge.

On March 28, 1988, this court affirmed, as modified, a preliminary order in prohibition. Thereafter, on April 15, 1988, this court denied relator's motion for rehearing or to transfer to the Supreme Court. Relator then filed an application for transfer with the Supreme Court. It sustained the application on June 14, 1988. On October 18, 1988, the Supreme Court entered the following order: "Cause ordered retransferred to Missouri Court of Appeals— Southern District." With the addition of this paragraph, our original opinion is readopted. It is set out hereafter.

By this original proceeding the relator, Missouri Highway and Transportation Commission (Commission), seeks to compel the respondent, Circuit Judge David Anderson of Greene County, to set aside an order sustaining a condemnee's motion to compel discovery. The result of the order in question is to bar the relator from calling appraiser Tom Rule as a witness in the underlying condemnation action, unless Rule answers questions concerning all sales reported to him by a local realtor as comparable sales. The order also alternatively compels Rule to show to the condemnee a copy of each written report of such sales provided to him by the local realtor. This court issued a preliminary order directing the respondent circuit judge to refrain from enforcing that order for discovery and from making any other orders compelling discovery of that information. The record establishes the following facts.

In the underlying condemnation action the state seeks to acquire 34.78 acres in Greene County owned by the condemnee Modern Tractor and Supply Company. The record does not disclose the location of the condemned tract or the purpose for which it was taken. By inference, it appears that the condemned tract was part of a larger tract. The order of condemnation has been entered and the Commissioners' report filed. The Commission has paid the award into court. Each party filed exceptions to the award. Subsequently, the Commission employed Kansas City MIA appraiser Tom Rule to determine damages or benefits resulting from the condemnation.

Rule came to Springfield to make that appraisal. In the process he sought information from a number of local realtors. In response to an appropriate interrogatory, the Commission identified Rule as an expert witness it intended to call at the trial of the exceptions. The Commission's response further stated that Rule would testify to the highest and best use of the condemnee's property immediately before and after the taking and the value of that property immediately before and after the taking and state the reasons for his conclusions.

By agreement, Rule appeared in Springfield for his deposition to be taken by the condemnee. In the course of that deposition, Rule related the facts concerning his employment in the matter and his activities in preparing his appraisal. His testimony on this subject included the following. Local realtor Joe Roberts supplied to him 30 or 40 comparable sales. He had copies of

the reports of those sales with him at the deposition. He concluded "[t]here were [sic] a sale or two that was obtained from Joe Roberts that I felt had a good degree of comparability, and I chose to rely on them." But, he added, "I looked at all of them and considered all of them." Rule was then asked to produce the reports. Counsel for the Commission then stated, "I will object to the showing of all the 30 or 40 sales that Joe Roberts obtained. I'll instruct the witness not to produce any sales other than those he chose to rely on." Tom Rule followed that instruction. A short time later the deposition was terminated because of further disputes between counsel.

The respondent argues the order is authorized by reason of Rule 56.01(b)(4) and Rule 57.03(b). The Commission states the issue is "whether or not landowners in a condemnation action are entitled to discover by means of a Motion to Compel Discovery, the reports, notes, memoranda, summaries or written documents compiled and used by an expert witness employed by the condemnor in forming his expert opinion...." Attacking that issue, the Commission contends the order of the trial court is erroneous because it "requires Relator to produce materials which are privileged, constitute the protected work product of Relator prepared in anticipation of litigation and further comprise the facts known and opinions held by an expert, discovery of which is strictly limited by Missouri Supreme Court Rule 56.01(b)(4)(b) to depositions."

■ To support its attack, the Commission first argues that the reports of comparable sales are work product and privileged. To establish that the appraisals, notes and memoranda of appraisers in a condemnation action are work product and not discoverable, the Commission cites *State ex rel. State Highway Commission v. Dalton,* 498 S.W.2d 801 (Mo. banc 1973); *State ex rel. State Highway Commission v. Jensen,* 362 S.W.2d 568 (Mo. banc 1962); and *State ex rel. State Highway Commission v. Kalivas,* 484 S.W.2d 292 (Mo.1972). The Commission acknowledges that those

decisions were before the 1975 effective date of the current rules pertaining to discovery. Nevertheless, the Commission argues that *State ex rel. Missouri Highway & Transportation Commission v. Anderson,* 735 S.W.2d 350 (Mo. banc 1987) establishes that the holdings in *Jensen, Kalivas* and *Dalton* clearly survived the adoption of Rule 56.01 in 1975. The Commission also relies upon *State ex rel. Missouri Highway & Transportation Commission v. McHaney,* 733 S.W.2d 869 (Mo.App. 1987).

"When the term 'work product' is used by Missouri courts and lawyers it refers to the protections contained in Rule 56.01(b)(3) and formerly contained in the old rule." *Halford v. Yandell,* 558 S.W.2d 400, 406 (Mo.App.1977) (footnote omitted). Rule 56.01(b)(3) refers to documents and tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent)...." Rule 56.01(b)(3). It is not clear the reports of comparable sales prepared by Joe Roberts and supplied to Rule constitute work product within that definition. However, the parties have assumed they are and for the purpose of this opinion they may be considered to be such. However, it must be noted those reports do not reflect "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party...." Rule 56.-01(b)(3).

■ This case presents an issue of pretrial discovery as distinguished from production at trial. The Commission's argument that the reports of comparable sales are absolutely protected from discovery is misconceived. It does not recognize the distinction between material that is work product and material that is privileged.

'Work product' is a qualified immunity under Rule 56.01(b)(3), which denies materials prepared in anticipation of litigation or trial except upon a showing of substantial need that a party is unable without undue hardship to obtain the substantial equivalent of the materials

by other means.... In contrast, any professionally oriented communication between attorney and client is absolutely privileged, in the absence of waiver, regardless of substantial need.

*State ex rel. Missouri Highway & Transportation Commission v. Legere,* 706 S.W. 2d 560, 566 (Mo.App.1986) (citation omitted). Rule 56.01(b)(1) excludes from discovery privileged matter. Rule 56.01(b)(3) in general places limitations upon discovery of work product.

More fundamentally, the Commission's argument does not take cognizance of the rules concerning discovery that became effective January 1, 1975.

These new rules, while not enlarging the scope of admissibility of evidence in a condemnation trial, make it clear that much can be discovered now which prior to January 1, 1975, was considered work product and strictly off limits to discovery.

Rule 56.01(b) now reads in part as follows:

(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (a) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify.

(b) A party may discover by deposition the facts and opinions to which the expert is expected to testify. Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for responding to discovery by deposition.

This section of the rule now extends the right of discovery to the opinions of experts, an area which heretofore had been held immune to discovery under the work product doctrine as enunciated in *State*

*ex rel. State Highway Commission v. Jensen,* 362 S.W.2d 568 (Mo. banc 1962); *State ex rel. Missouri Public Service Co. v. Elliott,* 434 S.W.2d 532 (Mo. banc 1968); *State ex rel. State Highway Commission v. Dalton,* 498 S.W.2d 801 (Mo. banc 1973); and *State ex rel. State Highway Commission v. Crain,* 496 S.W.2d 867 (Mo.App.E.D.1973). Presumably, these cases, decided from 1962 to 1973, are now no longer good law as respects discovery.

Missouri Condemnation Practice § 5.31A (5 Supp.1985).

As noted, Rule 56.01(b)(3) in general provides that work product is discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Discovery by deposition of facts known and opinions held by experts acquired or developed in anticipation of litigation or for trial under Rule 56.01(b)(4) is not subject to the requirement of such a showing. Indeed, Rule 56.-01(b)(3) states the provisions of that rule are subject to the provisions of subdivision (b)(4) of Rule 56.01.

Rule 56.01(b)(3) opens with the language, 'Subject to the provisions of subdivision (b)(4) of this rule.' Thus, if the matter sought to be discovered constitutes 'facts known and opinions held by experts,' Rule 56.01(b)(3) does not come into play at all and the exclusive methods of discovery of that matter are set forth in and limited by Rule 56.01(b)(4).

*Anderson,* 735 S.W.2d at 356. In short, it is not necessary for a party to make the showing required by Rule 56.01(b)(3) to take the deposition of a prospective expert witness under Rule 56.01(b)(4).

Rule 56.01(b)(4) authorizes the discovery of facts known and opinions held by such a prospective expert witness. That subsection does not expressly provide that such an expert witness may be compelled by subpoena duces tecum to produce material in his possession acquired and considered in anticipation of his testimony at trial. How-

ever, such materials come within the scope of facts known by such an expert witness. The reports of comparable sales may be likened to X-rays supplied to a physician or metal samples gathered by a metallurgist. The purpose of the deposition is to discover and test the opinion of the expert. *United States v. Meyer,* 398 F.2d 66, 71 (9th Cir. 1968), criticized in *Hoover v. United States Dept. of the Interior,* 611 F.2d 1132 (5th Cir.1980). That cannot be done without reference to material relevant to the issue, whether or not it is in the possession of the expert. To hold that materials such as the reports of comparable sales are not subject to production at a deposition of the prospective expert witness would defeat that purpose. See *State ex rel. Pack v. West Tennessee Distributing Co.,* 58 Tenn.App. 306, 430 S.W.2d 355 (1968). To permit the prospective expert witness or the opposing party to select which of such materials should be produced is obviously unfair.

In sum, in condemnation cases full pretrial disclosure of appraisers' opinions and the details upon which they are based is required if the rules are to accomplish their purpose to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.' *United States v. Procter & Gamble,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

*United States v. Meyer,* supra, at 70 (footnote omitted).

■ Rule 57.03 provides the attendance of witnesses at depositions may be compelled by subpoena as provided in Rule 57.09. Rule 57.09 also authorizes the use of a subpoena duces tecum. This court holds that when the deposition of a prospective expert witness is taken pursuant to Rule 56.01(b)(4) it is proper to require the attendance of that witness by a subpoena duces tecum. It is not necessary to fully define the scope of the materials that may be required to be produced. It is sufficient to observe that the reports of the comparable sales in question collected and considered by the expert appraiser in formulating his opinion are included. But see *State ex rel. Missouri Highway & Trans-*

*portation Commission v. Dooley,* 738 S.W.2d 457 (Mo.App.1987), in which it was held a trial court did not err in quashing a subpoena duces tecum for an expert witness to produce at trial appraisal reports, letters, notes, photographs, and memoranda prepared in evaluating the property. Cf. *Halford v. Yandell,* supra, dealing with the production of work product at trial as distinguished from pretrial discovery. Also see *State ex rel. Whitacre v. Ladd,* 701 S.W.2d 796 (Mo.App.1985) dealing with a deposition subpoena duces tecum for the production of materials not relevant to the expert's opinion in question but to be used for general impeachment.

Contrary to the Commission's contention, *Anderson* does not establish that those reports of comparable sales are not discoverable under Rule 56.01(b)(4). In *Anderson* landowners by subpoena duces tecum sought production of appraisers' notes and memoranda at the first stage hearing in a condemnation action. The court concluded that such notes and memoranda of the appraisers were work product. It then held such notes and memoranda were not discoverable under Rule 56.01(b)(3) because the landowners had not made the showing of substantial need required by that subsection. The court also held such notes and memoranda were not discoverable under Rule 56.01(b)(4) because the appraisers were not identified as expert witnesses to be called at the hearing as prescribed by Rule 56.01(b)(4)(a). The court did observe "[n]o portion of Rule 56.01 permits the landowners to discover the notes, memoranda, summaries or written documents used in making the appraisals for the relator." *Anderson,* at 356. However, that observation was a reference to the fact such notes and memoranda were not discoverable under Rule 56.01(b)(3) or Rule 56.01(b)(4). Taken in context, that statement does not mean that all materials considered by an appraiser in formulating his opinion are immune from all discovery. In this case the Commission, by answer to an appropriate interrogatory, has established that it expects to call Tom Rule as an expert witness at the second stage trial.

Under these facts Rule 56.01(b)(4) is applicable.

Nor is the Commission's contention supported by *McHaney.* That case holds that a written appraisal, or an opinion of an expert witness, is not subject to discovery by a motion to produce. In so holding, the court noted the exclusive method of obtaining such an opinion of an expert witness is under Rule 56.01(b)(4).

*Carthen v. Jewish Hosp. of St. Louis,* 694 S.W.2d 787 (Mo.App.1985) does not support the proposition that the reports of comparable sales are not discoverable. In that case a party sought the discovery of reports of physicians by a motion to produce, not by a deposition subpoena duces tecum under Rule 56.01(b)(4). *State ex rel. State Farm Mut. Auto. v. Keet,* 601 S.W. 2d 669 (Mo.App.1980) is not applicable. In that case a party sought to discover work product by means of a deposition subpoena duces tecum issued in connection with the deposition of a nonexpert witness. In such circumstances the court held that Rule 56.-01(b)(3) was applicable and the production of work product could be had only upon a showing of substantial need, whether discovery was sought by a motion to produce or by a subpoena duces tecum. Again, the court was not concerned with Rule 56.-01(b)(4) involving a subpoena duces tecum issued in connection with the deposition of a prospective expert witness.

■ However, the order of the respondent circuit judge alternatively requires the production of the reports of comparable sales in response to a pleading entitled Motion to Compel Discovery. The substance of that pleading is a motion to compel an answer. A motion to compel an answer on a deposition is authorized by Rule 61.01(g). Under that rule the court may order an answer, but is authorized to impose further sanctions only upon motion and reasonable notice. Further, the only question expert witness Rule refused to answer was whether or not he would produce the 30 or 40 reports of comparable sales. A motion to compel an answer should not be employed as a substitute for

a subpoena duces tecum, which is subject to the procedures of Rule 57.09. See *State ex rel. Whitacre v. Ladd,* supra, in which the court found a deposition subpoena to be oppressive. For these reasons, the order of the respondent circuit judge sustaining a motion for discovery and alternatively compelling production of the reports of comparable sales was improper.

However, the preliminary order of this court is too broad. The preliminary order bars enforcement of the order of the trial court. But, it also bars the trial court from entering any further orders for the discovery of the information sought by the condemnee's Motion to Compel Discovery. As stated, the production of the reports of comparable sales is a proper subject for a subpoena duces tecum under Rule 56.-01(b)(4). It may be the trial court will be called upon to enter orders granting or denying discovery of such reports in response to such a subpoena duces tecum under Rule 57.09. The preliminary order in prohibition in this cause is modified to only direct the trial court to refrain from making any orders enforcing the order in question. As so modified, the preliminary order is made absolute.

FLANIGAN, P.J., dissents and files dissenting opinion.

HOGAN and PREWITT, JJ., concur.

FLANIGAN, Judge, dissenting.

I respectfully dissent. In *Mo. Highway & Transp. Com'n v. Anderson,* 735 S.W.2d 350, 356 (Mo. banc 1987), the court said: *"No portion of Rule 56.01* permits the landowners to discover the notes, memoranda, summaries or written documents used in making the appraisals for the [highway commission]." (Emphasis added.)

Rule 56.01(b)(4), dealing with discovery of facts known and opinions held by experts, including discovery by deposition, is of course a "portion" of Rule 56.01. I construe the quoted language from *Anderson* to preclude the discovery of

Roberts' written report at the taking of the deposition of appraiser Tom Rule by the condemnee. Of course this court is bound by *Anderson.* The trial court should be prohibited from enforcing any portion of its order inconsistent with the quoted language.