STATE of Missouri, ex rel. Eugene
SEITRICH, Relator,

v.

Honorable James FRANKLIN, Jr.,
Judge of the 26th Judicial Circuit
of Missouri, Respondent.

No. 15715.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 1988.

John E. Curran, Curran & Clifford, Os-
age Beach, for relator.

Erik A. Bergmanis, Phillips, McElyea,
Walker & Carpenter, P.C., Camdenton, for
respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

GREENE, Judge.

### PRELIMINARY WRIT OF PROHIBITION MADE ABSOLUTE

Relator, Eugene E. Seitrich, petitioned
this court for a writ of prohibition to re-
strain respondent, the Honorable James
Franklin, Jr., judge of the 26th Judicial
Circuit of Missouri, from issuing a protec-
tive order designed to prevent Seitrich's
inspecting and copying a survey plat pre-
pared by expert witness David Krehbiel,
whose deposition was being taken by Seit-
rich's attorney, but was continued pending
ruling on the order.

After examination of the petition and related documents, this court issued a preliminary writ of prohibition directing Judge Franklin not to take any action on the protective order in question until further order of this court, and directed him to file his answer to relator's petition. After consideration of respondent's answer and accompanying suggestions, and relator's brief (respondent chose not to file a brief), we are of the opinion that our preliminary writ should be made absolute.

The facts are as follows. In the underlying cause of action, which is pending in the Circuit Court of Camden County, Paul F. Becherer and Anita R. Becherer are plaintiffs, and Eugene E. Seitrich is the defendant. In the suit, the Becherers claim that Seitrich, by building an extension to his existing boat dock located on the waters of the Lake of the Ozarks, is interfering with their rights to the use and enjoyment of the water and shoreline immediately in front of their property. The Becherers base such claim on the assertion that Seitrich's extension causes approximately 15 feet of his dock to be located in front of their property.

Following the filing of the lawsuit, Seitrich's attorney filed a request for production of documents, in which he requested that the Becherers produce for inspection and copying "copies of all surveys available to the Plaintiff[s] showing the location of the Defendant's boat dock on the waters of the Lake of the Ozarks in relation to and in conjunction with the Plaintiffs' real property...." In their response to the request, the Becherers objected to producing the surveys because "all documents of the nature requested by Defendant have been prepared by Plaintiffs' agent at Plaintiffs' request since the filing of this suit and have been prepared in anticipation of litigating this suit and are accordingly work product." The agent referred to was identified in answers to interrogatories as expert witness David Krehbiel, "[who] is generally expected to testify on the subject matter of surveying, surveying the proper-ty in question, and on the subject of boundary lines."

The attorney for Seitrich then filed notice to take Krehbiel's deposition, accompanied by a subpoena duces tecum directing Krehbiel to bring with him to the deposition all of the "survey plats, survey notes, field reports and affidavits with respect to surveying the boundary line between Eugene Seitrich and Paul Becherer." At the deposition, Krehbiel, on the advice of counsel, refused to produce the survey plats he had drawn, with the Becherers' attorney stating that they were "work product," and that they were "the principle [sic] expression of our mental impressions" which the Becherers intended to use at trial. Following the refusal to produce the documents, the taking of the deposition was continued to allow the Becherers to apply to the trial court for a protective order.

The Becherers then filed such a motion to prohibit Seitrich from obtaining copies of the documents in question. The motion stated that the ability to make a survey of the area in question was equally available to both parties and that it would not create an undue hardship for Seitrich to obtain his own survey. The motion further stated that the documents requested had been prepared by Krehbiel at the request of the Becherers and their attorney "in anticipation of litigation and for the trial of this matter."

Seitrich's attorney then filed a motion to compel production of the documents in question, citing as a basis for such order the refusal by Krehbiel to produce such documents during the taking of his deposition. Judge Franklin, after hearing arguments from the attorneys, denied the motion to compel production of the documents, and sustained the motion for a protective order as to the plat prepared by Krehbiel, but granted Seitrich 10 days to seek a writ of prohibition before the order granting the protective order would become final. The petition for a writ of prohibition was then timely filed here.

■ The general provisions of Missouri law governing discovery are con-

tained in Rule 56.01.[1] Parties may obtain discovery through a number of methods, one of which is through deposition upon oral examination. Rule 56.01(a). Generally, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Rule 56.01(b)(1). "Privileged," as used in this rule, refers to any professionally oriented communication between attorney and client, and does not refer to work product, which is material prepared in anticipation of litigation or trial. In most instances, work product enjoys a qualified immunity which denies access to such material by an adverse party, except upon a showing that the party seeking discovery of such materials has substantial need of them in order to prepare his case, and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Rule 56.01(b)(3); *State ex rel. Mo. Highways & Transp. v. Legere*, 706 S.W.2d 560, 566 (Mo.App.1986). However, the limitations placed upon the discovery of work product by Rule 56.01(b)(3) do not apply in situations where the matter sought to be discovered constitutes facts known and opinions held by experts. The exclusive methods of discovery of such matters are set forth and limited by Rule 56.01(b)(4). *Mo. Highway and Transp. Com'n v. Anderson*, 735 S.W.2d 350, 356 (Mo. banc 1987).

Rule 56.01(b)(4) states:

*Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(a) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the general nature of the subject matter on which the expert is expected to testify.

(b) A party may discover by deposition the facts and opinions to which the expert is expected to testify. Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for responding to discovery by deposition.

■ The Becherers, in their answers to interrogatories, stated that they expected to call Krehbiel as an expert witness at trial and that he would testify regarding "the subject matter of surveying, surveying the property in question, and on the subject of boundary lines." In their suggestions filed here opposing the issuance of a writ, the Becherers admit that the documents were prepared by Krehbiel at their request after Krehbiel had been employed by them to survey various portions of the real estate owned by the respective parties and the location of various parts of the boat dock. The survey plat was to be used by Krehbiel at trial as an aid to his testimony. To say that the attorney for Seitrich on deposition, under the authority of Rule 56.01(b)(4)(b), could question expert witness Krehbiel concerning the facts and opinions to which he was expected to testify, but that he could not as an adjunct to such questioning, through the issuance of a subpoena duces tecum as authorized by Rule 57.09(b), have access to material relevant to the issue in the possession of the expert in order that the attorney could intelligently cross-examine the expert concerning what facts he used to formulate his opinion, is contrary to common sense.

This court, in *State of Missouri ex rel. Missouri Highway and Transportation Commission v. Anderson*, 759 S.W.2d 102 (Mo.App.1988), recently held that comparable sales reports in the possession of an expert witness appraiser who intended to testify at trial concerning his opinion as to the value of a certain tract of real estate, which opinion was based in part on some of the comparable sales reports, were subject to production through use of a subpoena duces tecum for use by the attorney for the adverse party who was trying to ascertain through use of a deposition the basis for the opinion of the expert. We see no difference in the basic facts and circumstanc-

**1.** Missouri Rules of Court, V.A.M.R.

 

es in this case which would dictate a different result than that reached in our decision in Case No. 15449.

Respondent abused his discretion by ordering that the survey plat need not be produced as directed by the subpoena duces tecum. The preliminary order of prohibition heretofore issued in this cause is made absolute.

HOLSTEIN, C.J., and CROW, P.J., concur.

