

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JESSIE GRAY, | ) | No. ED103157 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Pike County |
| vs. | ) | 13PI-C00036 |
| | ) | |
| 3M COMPANY, | ) | Honorable Rachel Bringer-Shepherd |
| | ) | |
| Respondent. | ) | Filed: June 21, 2016 |

### OPINION

Jessie Gray filed a products liability lawsuit against 3M Company alleging that the 3M 8710 respirators he wore while employed by National Compression Services as a concrete sandblasting and demolition supervisor were defective and resulted in Gray suffering from the lung disease silicosis. The case was tried by a jury and a verdict was entered in favor of 3M. Gray appeals, alleging two points: 1) the trial court erred in admitting testimony of 3M's retained expert, Alan Johnston, because 3M failed to timely disclose Johnston's opinions about certain research studies which formed the foundation for portions of his opinion testimony; and 2) the trial court erred in denying Gray's motion for new trial because the admission of Johnston's testimony resulted in prejudice. Because these points are interrelated, we consider them together and affirm for the reasons stated below.

**Factual and Procedural Background**

Gray filed suit in July 2013, and the trial was scheduled to begin in May 2015. In January 2015, 3M disclosed Johnston, a certified industrial hygienist and former 3M employee, as one of its experts. In February 2015, Gray sent 3M's counsel notice to take Johnston's deposition in Minnesota. Attached to the notice was an exhibit titled "subpoena duces tecum" requesting Johnston to bring all documents he intended to rely on at trial. Johnston was not formally served by Gray with a subpoena.

On February 25, 2015, Johnston's deposition was taken. Johnston brought documents with him to the deposition but he did not bring certain studies with him that he later testified about at trial. In fact, Gray's counsel asked Johnston about any studies Johnston would be testifying about at trial but Johnston did not specifically identify any.

On April 13, 2015, Gray filed a motion to exclude Johnston's testimony at trial regarding any non-disclosed opinions. Specifically, Gray sought to preclude Johnston from testifying about any new studies and any new opinions based on such studies that were not disclosed at his deposition. 3M opposed the motion, arguing, among other things, that Johnston was not properly served with a subpoena duces tecum and therefore did not have to bring the studies to his deposition, that any testimony from Johnston was properly disclosed in discovery and should be admissible at trial, and that the studies in question had been previously disclosed in prior related litigation. 3M also offered to tender Johnston for a second deposition and to produce at that deposition the studies in question. Gray's counsel declined.

The court held multiple hearings on the motion in an attempt to resolve the dispute prior to trial and at each hearing offered Gray's counsel a continuance of the trial so that he could be better prepared with respect to Johnston's testimony. Gray's counsel declined each time,

asserting that he did not want a continuance due to his client's health and the increased costs Gray would incur if the trial was continued. The trial court suggested that Gray's counsel depose Johnston a second time by phone, but Gray's counsel rejected this suggestion. 3M, for its part, then provided Gray's counsel with Johnston's expert opinion report[1] with specific document numbers correlated to each opinion he would testify to at trial and offered to pay the reasonable costs Gray would incur if Gray agreed to continue the trial. Before the court ruled on Gray's motion to exclude Johnston's testimony, the court again informed Gray's counsel that it would consider giving Gray a continuance if it denied the motion to exclude, but Gray's counsel told the court that it was not interested in a continuance and that he was ready for trial. The court also noted that the subpoena was not properly served. The trial court denied Gray's motion to exclude.[2]

After a nine-day trial, the jury returned a verdict in favor of 3M. Gray filed a motion for a new trial which the trial court denied. This appeal follows.

---

[1] 3M was not required under Rule 56.01 to produce Johnston's expert opinion report but did so to attempt to remedy the discovery dispute.

[2] While Johnston was not served with a subpoena duces tecum, Gray's counsel attached a document titled "subpoena duces tecum" to the notice of deposition that was sent to counsel for 3M. That document contained a list of the materials Johnston was asked to bring to his deposition which included reference to the studies in question here. It does not appear from the record that Johnston or counsel for 3M objected to the "subpoena duces tecum" prior to Johnston's deposition, but rather produced Johnston who did bring some of the requested documents but not all of the studies that he would later testify about at trial. Gray's counsel did not object at the deposition to Johnston's alleged failure to bring requested documents and did not raise the issue until nearly seven weeks after the deposition and just one month before trial when he filed his motion to exclude. 3M did not raise the issue about Johnston being improperly subpoenaed until this motion was filed. While Johnston may not have been properly subpoenaed, see, e.g., *State ex rel. Missouri Highway & Transp. Comm'n*, 759 S.W.2d 102, 106 (Mo.App.S.D. 1988), this court does not condone the actions of either party in handling this dispute. If 3M intended to take issue with Gray's "subpoena duces tecum" that was attached to the deposition notice it should have given Gray the professional courtesy of doing so before he went to Minnesota to take Johnston's deposition. Similarly, and as the trial court noted, Gray should have raised the issue at the deposition or much sooner than a month before trial.

**Standard of Review**

We review the trial court's rulings on the admission of evidence and on a motion for a new trial for an abuse of discretion. *Gallaher v. DaimlerChrysler Corp.*, 238 S.W.3d 157, 162, 166 (Mo.App.E.D. 2007). The trial court is vested with broad discretion to control discovery and to choose a remedy to address any non-disclosure of evidence. *Id.* at 162. We presume that a ruling within the trial court's discretion is correct. *Id.* at 166. An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances before the court at the time and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration. *Id.* at 162.

**Discussion**

We find that the trial court did not abuse its discretion when it denied Gray's motion to exclude Johnston's testimony and Gray's motion for a new trial. The parties strongly contested whether the studies at issue were properly produced and whether Johnston should have brought them to his deposition and testified about them at that time. These issues were briefed and argued extensively before the trial court which attempted to remedy the situation by offering Gray the opportunity to re-depose Johnston by telephone prior to the trial and offered multiple continuances so that Gray's counsel could prepare and re-depose Johnston prior to the trial. 3M even offered to pay the reasonable costs incurred by Gray for a continuance, but Gray rejected these offers each time and indicated to the trial court that Gray was ready for trial.

Based on these circumstances, we cannot find that the trial court abused its discretion in denying Gray's motion to exclude and motion for new trial. See *Clark v. Clark*, 805 S.W.2d 290, 297 (Mo.App.E.D. 1991) (finding no abuse of discretion in permitting witness to testify who was not disclosed in interrogatories where the trial court offered mother a continuance to depose the

4

witness and prepare for trial but mother declined the offer); *Gassen v. Woy*, 785 S.W.2d 601, 604 (Mo.App.W.D. 1990) (finding no abuse of discretion when appellant rejected the trial court's offer to prepare for cross-examination of an expert witness who had changed his opinion from his deposition by interviewing the witness before he testified because there was no showing that the opportunity to interview would not have remedied the non-disclosure); *Gantt v. Baldwin*, 927 S.W.2d 957, 960-61 (Mo.App.W.D. 1996) (finding no abuse of discretion by the trial court where plaintiff declined the trial court's offer of a continuance for more time to depose defendant's expert).

Gray could have availed himself of the remedies offered by the trial court. See *Gassen*, 785 S.W.2d at 604 (noting that the appellant should have interviewed the witness as offered by the trial court and if the result was not satisfactory, could have then requested other relief). While we do not condone any improper discovery tactics, particularly when it involves matters as important as the facts and opinions to which a retained expert is expected to testify, Gray has not met his burden of showing that the trial court abused its discretion in offering the remedies that it did but that Gray chose to reject. Gray understood what was at stake by choosing to proceed with the trial without re-deposing Johnston but chose to proceed with the trial in light of Gray's health and the increased expenses associated with a continuance. Gray made the strategic choice to proceed with the trial by rejecting the remedies offered by the trial court. See *Gantt*, 927 S.W.2d at 960-61 (noting that while plaintiff was in a difficult position because of the increased costs of again preparing for trial, plaintiff made the strategic choice to not accept the trial court's offer of a continuance). Thus, Gray's points are denied.

**Conclusion**

Based on the foregoing reasons, we affirm the trial court's judgment.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur

6